IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COX FAMILY FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0568-WS-M |
| | ) |
| STEWART TITLE GUARANTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss or for more definite statement, (Doc. 3), and on the plaintiff's motion for leave to amend the complaint. (Doc. 6). The plaintiff did not respond to the defendant's motion, other than to file its own motion. Nor did the plaintiff file a reply brief in support of its motion. The defendant filed a brief in support of its motion and in opposition to the plaintiff's. (Doc. 4, 9). The motions are now ripe for resolution.

The plaintiff sued the defendant in state court, seeking damages of $150,000. There is no question but that the parties are of diverse citizenship, and the defendant timely removed the action.

The defendant argues that the complaint fails to satisfy the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and like cases. The plaintiff responded with its proposed amended complaint, which tweaks the allegations against the defendant and also purports to add two new defendants, either of which would destroy complete diversity and require remand under 28 U.S.C. § 1447(e).

This Court scrutinizes post-removal amendments that would destroy diversity using the factors identified in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).[1] Applying those factors, and following much the same analysis as the defendant in its responsive brief, the Court concludes that it should exercise its discretion in favor of disallowing the amendment. All the circumstances signal that the plaintiff is seeking to add these defendants solely to defeat federal jurisdiction, and the plaintiff, by its silence, concedes it will suffer no prejudice should amendment be denied.

For reasons largely set forth in the defendant's brief, the Court concludes that the original complaint does not satisfy the *Twombly* standard, subjecting the complaint to dismissal. The defendant, however, has not addressed the effect of the proposed amended complaint on its *Twombly* argument. Because that document adds significant new allegations against the defendant, and because the defendant has registered no objection to it, the Court will allow the proposed amended complaint to that extent. The amendment moots the defendant's motion to dismiss the original complaint.

For the reasons set forth above, the plaintiff's motion for leave to amend is **denied** to the extent it seeks to join additional, non-diverse defendants and **granted** in all other respects. The plaintiff is **ordered** to file and serve an amended complaint conforming to this order on or before **January 31, 2011**, failing which this action will be dismissed without prejudice. The defendant's motion to dismiss or for more definite statement is **denied as moot**.

DONE and ORDERED this 24th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See Portis v. Wal-Mart Stores, Inc.*, 2007 WL 3086011 at *3 (S.D. Ala. 2007); *Sharp v. Wal-Mart Stores, Inc.*, 2007 WL 215644 at *3 (S.D. Ala. 2007).